1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RAUL GONZALEZ,                    No.  1:18-cv-00520-JLT (HC)

12              Petitioner,            **ORDER DIRECTING CLERK OF COURT
                                       TO ASSIGN DISTRICT JUDGE**
13        v.
                                       **FINDINGS AND RECOMMENDATION
14                                     TO SUMMARILY DISMISS
     SULLIVAN, Warden,,                UNEXHAUSTED PETITION**
15
                Respondent.            **[TWENTY-ONE DAY OBJECTION
16                                     DEADLINE]**

17

18        Petitioner filed a habeas petition on April 4, 2018, challenging his 2017 conviction in

19   Kern County Superior Court of corporal injury on a spouse resulting in a traumatic condition and

20   abuse/endangerment of a child.  Because the petition is unexhausted, the Court will recommend it

21   be DISMISSED WITHOUT PREJUDICE.

22                              **DISCUSSION**

23   A.    Preliminary Review of Petition

24        Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

25   petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not

26   entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254 Cases.

27   The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

28   habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to

dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001).

B.     Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies.  28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995).  A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis.  Duncan, 513 U.S. at 365 (legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis).

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim.  Duncan, 513 U.S. at 365-66.  In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law.* See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident,"* Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v.

2

1    <u>Harless</u>, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under
     state law on the same considerations that would control resolution of the claim on
2    federal grounds. <u>Hiivala v. Wood</u>, 195 F3d 1098, 1106-07 (9th Cir. 1999);
     <u>Johnson v. Zenon</u>, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
3
     In <u>Johnson</u>, we explained that the petitioner must alert the state court to the fact
4    that the relevant claim is a federal one without regard to how similar the state and
     federal standards for reviewing the claim may be or how obvious the violation of
5    federal law is.

6    <u>Lyons v. Crawford</u>, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added), *as amended by* <u>Lyons</u>

7    <u>v. Crawford</u>, 247 F.3d 904, 904-5 (9th Cir. 2001).

8        Petitioner indicates he has not sought relief in any state court.  Because Petitioner has not

9    presented his claims for federal relief in the state courts, including the California Supreme Court,

10   the Court finds that dismissal of the petition without prejudice is appropriate.  <u>Raspberry v.</u>

11   <u>Garcia</u>, 448 F.3d 1150, 1154 (9th Cir. 2006); <u>Jiminez v. Rice</u>, 276 F.3d 478, 481 (9th Cir. 2001).

12   The Court cannot proceed with a petition that is entirely unexhausted.  28 U.S.C. § 2254(b)(1).

13                                        **ORDER**

14       IT IS HEREBY ORDERED that the Clerk of Court is DIRECTED to assign a District

15   Judge to the case.

16                                    **RECOMMENDATION**

17       Accordingly, the Court RECOMMENDS that the habeas corpus petition be DISMISSED

18   WITHOUT PREJUDICE for lack of exhaustion.

19       This Findings and Recommendation is submitted to the United States District Court Judge

20   assigned to this case, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304

21   of the Local Rules of Practice for the United States District Court, Eastern District of California.

22   Within twenty-one days after being served with a copy, Petitioner may file written objections

23   with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings

24   and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28

25   ///

26   ///

27   ///

28   ///

                                          3

U.S.C. § 636 (b)(1)(C).  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __**April 19, 2018**__                    _____**/s/ Jennifer L. Thurston**
                                                                   UNITED STATES MAGISTRATE JUDGE